UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| GEORGE M. COOK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:17-CV-203-JRG-SKL |
| ) | |
| SOUTHERN HEALTH PARTNERS, ) | |
| FRANCHESKA SHOWN, DEXTER ) | |
| LUNCEFORD[1], and ) | |
| ERIC TRIVETT, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

Before the Court is Plaintiff's pro se amended complaint for violation of civil rights pursuant to 42 U.S.C. § 1983 [Doc. 5]. On November 15, 2017, the Court screened Plaintiff's original complaint and found that "the Court [was] unable to properly screen Plaintiff's complaint in compliance with the PLRA [Prison Litigation Reform Act], because the precise nature of his claims [were] unclear." [Doc. 4 at 4]. The Court then granted Plaintiff leave to file an amended complaint "specifying a full description of his claim, the personal involvement of each Defendant, and the grounds for relief" [*Id.*]. Plaintiff then filed an amended complaint on December 29, 2017 [Doc. 5].

Plaintiff's amended complaint must also be screened to determine whether it states a claim entitling Plaintiff to relief, or is frivolous or malicious, or seeks monetary relief from a defendant

---

[1] The Court has corrected the spelling of Defendant Lunceford's name, which Plaintiff incorrectly stated as "Dextar Lunsford" [Doc. 5 at 1]. The Clerk is **DIRECTED** to update the proper spelling of Defendant Lunceford's name on the Court's docket.

who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A. For the reasons discussed below, Defendants Dexter Lunceford ("Lunceford") and Eric Trivett ("Trivett") will be **DISMISSED**. Accordingly, this action will proceed only as to Plaintiff's claims of medical deliberate indifference under the Eighth Amendment against Defendants Francheska Shown ("Shown") and Southern Health Partners ("SHP").

I.  BACKGROUND

In his amended complaint, Plaintiff brings suit against Defendants SHP, Shown, Lunceford, and Trivett [Doc. 5 at 1]. Plaintiff asserts that he is not being treated for his mental health issues, as medical staff at the Carter County Jail, including Defendant Shown, have stated that they cannot treat Plaintiff until they obtain copies of his medical records [*Id.* at 4]. However, Plaintiff claims that medical staff at the jail have stated that they are unable to obtain his medical records [*Id.*]. Plaintiff alleges that he has wrote to SHP complaining about his lack of medical treatment, and has filed several sick calls with the medical staff at the jail, including Defendant Shown [*Id.*]. Additionally, Plaintiff claims that he filed several grievances with Defendant Trivett, the Carter County Jail administrator, and appealed the denial of these grievances to Defendant Lunceford [*Id.*].

Plaintiff also claims that Defendants Trivett and Lunceford violated his constitutional right to be free from cruel and unusual punishment by placing Plaintiff in lock down for thirty days, and taking his "sheet bleak-matt for 12 and a half hours a day" [*Id.* at 5]. Plaintiff requests damages for his pain and suffering, for the Court to issue an order requiring SHP and Defendant Shown to provide him with mental health medication, as well as for the Court to appoint him an attorney [*Id.*].

## II. ANALYSIS

### A. Screening Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss those that are frivolous or malicious, fail to state a claim for relief or are against a defendant who is immune. *See Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999) ("Congress directed the federal courts to review or 'screen' certain complaints *sua sponte* and to dismiss those that failed to state a claim upon which relief could be granted [or] . . . sought monetary relief from a defendant immune from such relief."). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). However, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M&G Polymers,* 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin,* 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

### B. § 1983 Standard

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional

rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere."). In other words, a plaintiff must plead facts sufficient to show: (1) the deprivation of a right, privilege, or immunity secured to him by the United States Constitution or other federal law; and (2) that the individual responsible for such deprivation was acting under color of state law. *Gregory v. Shelby Cty.*, 220 F.3d 433, 441 (6th Cir. 2000).

### C. Mental Health Treatment

Plaintiff alleges that he was denied mental health treatment, in that Defendants Shown and SHP failed to provide him with his mental health medication [Doc. 5 at 4]. Failure to provide medical care, including care for mental health conditions, may give rise to a violation of a prisoner's rights under the Eighth Amendment. *See Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001). An Eighth Amendment claim is composed of two parts: an objective component, which requires a plaintiff to show a "sufficiently serious" deprivation, and a subjective component, which requires him to show a sufficiently culpable state of mind—one of "deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). However, a prisoner whose claims are based on a theory of medical negligence has not stated a claim under § 1983 because medical malpractice is not a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 104–06 (1976). Additionally, no claim is stated where some medical treatment is provided, and the dispute is over the adequacy of such treatment. *See Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). For example, "[w]hen a prison doctor provides treatment, albeit carelessly or inefficaciously to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." *Comstock*, 273 F.3d at 703.

An inmate "who suffers pain needlessly when relief is readily available has a cause of action against those whose deliberate indifference is the cause of his suffering." *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998) (citing *Boretti v. Wiscomb*, 930 F.2d 1150, 1154–55 (6th Cir. 1991)); *see also Estelle*, 429 U.S. at 103 (holding the "denial of medical care may result in pain and suffering which no one suggests would serve any penological purpose"). "When prison officials are aware of a prisoner's obvious and serious need for medical treatment and delay medical treatment of that condition for non-medical reasons, their conduct in causing the delay creates [a] constitutional infirmity." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 899 (6th Cir. 2004).

Plaintiff brings suit against Defendant SHP, the entity responsible for providing medical care to inmates at the Carter County Jail, and, therefore, a "person" acting under color of state law and subject to liability under § 1983. *See, e.g.*, *West v. Atkins*, 487 U.S. 42, 56 (1998) (holding that a private medical provider contracted to provide medical care to prisoners is a state actor for purposes of § 1983). The Sixth Circuit has held that the same analysis which applies to a § 1983 claim against a municipality applies to a § 1983 claim against a private corporation, such as SHP. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (citing *Monell v. Dep't of Soc. Serv.,* 436 U.S. 658, 691 (1978)).

However, entities may not be held liable under § 1983 through a respondeat superior theory of recovery simply on the basis that they employ tortfeasors. *Monell*, 436 U.S. at 690. Instead, a municipality or other governmental entity can be held responsible for an alleged constitutional deprivation only if there is a direct causal link between a policy or custom of the entity and the alleged constitutional violation. *Id.* at 694; *see also Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005) ("Like a municipality, a government contractor cannot be held liable on a *respondeat*

*superior* theory . . . . [A] private contractor is liable for a policy or custom of that private contractor . . . ."). Thus, to establish § 1983 liability on the part of an entity, a plaintiff must "identify the policy, connect the policy to [the entity] and show that the particular injury was incurred because of the execution of that policy." *Searcy v. City of Dayton*, 38 F.3d 282, 287 (6th Cir. 1994) (internal quotation marks and citation omitted). While "[i]dentifying the precise policy or custom may help make the complaint's allegations more plausible, . . . categorically viewing such a failure as dispositive in every case involving § 1983 claims risks imposing a higher standing of pleading than the Federal Rules of Civil Procedure mandate." *Lott v. Swift Transp. Co.*, 694 F.Supp.2d 923, 928 (W.D. Tenn. 2010) (internal citation omitted).

Based on Plaintiff's allegations that the denial of medical care was due to a failure to obtain medical records, the Court liberally construes the complaint as asserting claims against Defendant SHP based on a policy of failing to obtain medical records, and denying mental health treatment until medical records are obtained. Therefore, generally construing the allegations in Plaintiff's complaint, the Court concludes that Plaintiff has stated arguable Eighth Amendment claims against Defendants Shown and SHP for the denial of mental health medication and treatment.[2]

### D.     Plaintiff's Claims Against Defendants Lunceford and Trivett

Plaintiff alleges that Defendants Lunceford and Trivett denied his grievances, as well as appeals filed, relating to his medical treatment at the Carter County Jail [Doc. 5 at 4]. Plaintiff

---

[2] A mere disagreement between a prisoner and a medical care provider as to the appropriate treatment is not a constitutional wrong. *Hill v. Haviland*, 68 F. App'x 603, 604 (6th Cir. 2003) (observing that "a difference of opinion between a prisoner and a physician regarding treatment of a condition does not support an Eighth Amendment claim") (citing *Estelle*, 429 U.S. at 107). Although the Court interprets Plaintiff's claim as stating that Defendants SHP and Shown refused to provide mental health medication, as well as mental health treatment, it may be shown ultimately that the claim alleged is nothing more than a disagreement between Plaintiff and his medical care providers regarding his mental health treatment.

alleges that Defendant Lunceford is liable due to his position as the Carter County Sheriff, while claiming Defendant Trivett is responsible due to his position as the Carter County Jail Administrator [*Id.*].

A defendant's personal involvement in the deprivation of constitutional rights is required to establish their liability under § 1983. *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981); *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005). Generous construction of pro se complaints is not limitless; indeed, a court need not assume or conjure up claims that a pro se litigant has not pleaded. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Plaintiff must affirmatively show that each Defendant he seeks to hold liable, through that Defendant's own actions, has violated his constitutional rights. *Robertson v. Lucas*, 753 F.3d 606, 615 (6th Cir. 2014).

Further, Defendants Lunceford and Trivett cannot be held liable due to their supervisory positions at the Carter County Jail. Under § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Accordingly, "a plaintiff must plead that each Government-official defendant, through the official's own official actions, violated the Constitution." *Iqbal*, 556 U.S. at 676. A plaintiff must show "that the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it." *Bellamy*, 729 F.2d at 421 (citation omitted); *see also Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002) (explaining that "[s]upervisory liability under § 1983 does not attach when it is premised on a mere failure to act; it 'must be based on active unconstitutional behavior'") (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)).

Additionally, a plaintiff cannot maintain a claim against a prison official based solely on his or her denial of the plaintiff's grievance. "The 'denial of administrative grievances or the

failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight,* 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)); *see also Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) (holding that a plaintiff's "complaint regarding [defendant's] denial of [plaintiff's] grievance appeal, it is clear, fails to state a claim."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."). Plaintiff does not allege that Defendants Lunceford or Trivett are responsible for the medical treatment of prisoners at the Carter County Jail. Therefore, Plaintiff's allegations against Defendants Lunceford and Trivett relating to the denial of grievances fail to state a claim for relief under § 1983.

Plaintiff also claims that Defendants Lunceford and Trivett violated his right to be free from cruel and unusual punishment by placing him in lockdown for thirty days, and taking his "sheet bleak-matt for 12 and a half hours a day" [Doc. 5 at 5]. The Eighth Amendment prohibits cruel and unusual punishment, and, as previously stated, an Eighth Amendment claim consists of objective and subjective components. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). The objective component requires that the deprivation be "sufficiently serious." *Farmer,* 511 U.S. at 834; *Hudson,* 503 U.S. at 8. The subjective component requires that the official act with the requisite intent, that is, that he have a "sufficiently culpable state of mind . . . one of deliberate indifference." *Farmer,* 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 303 (1991)).

Temporary placement in isolation or segregation, in and of itself, does not give rise to a constitutional claim because it does not impose an "atypical and significant hardship on the inmate

in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Thus, it is considered atypical and significant only in "extreme circumstances." *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010). Generally, courts will consider the nature and duration of placement in segregation to determine whether it imposes an atypical and significant hardship. *Harden-Bey v. Rutter*, 524 F.3d 789, 794 (6th Cir. 2008).

Plaintiff's placement in lockdown for thirty days does not constitute an extreme deprivation which could be characterized as punishment prohibited by the Eighth Amendment. *See Sandin*, 515 U.S. at 485 (concluding that the plaintiff's disciplinary segregation for thirty days did not impose an atypical and significant hardship); *see also Joseph v. Curtin*, 410 F. App'x at 868 (finding that a sixty-one day stay in administrative segregation was not atypical and significant); *Sturges v. Heyns*, No. 14-cv-14120, 2014 WL 7012671, at *3 (E.D. Mich. Dec. 11, 2014) ("Lockdown time and segregation for thirty days does not work a major disruption in a prisoner's environment."). Additionally, temporary deprivations of a mattress and bedding do not constitute a prisoner being denied "the minimal civilized measures of life's necessities" required to establish an Eighth Amendment claim. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011) (holding "the deprivation of a mattress and bedding for a fixed period of time does not violate the Eighth Amendment"). Therefore, as Plaintiff fails to state a claim for relief under § 1983 against Defendants Lunceford and Trivett, they will be **DISMISSED** as Defendants in this action.

### E. Plaintiff's Request for Counsel

In his complaint, Plaintiff also requests the Court to appoint him counsel to assist in his § 1983 action [Doc. 1 at 6]. Parties do not have an "automatic" constitutional right to counsel in a civil rights suit and, typically, counsel is only appointed in an exceptional case. *Glover v. Johnson*,

75 F.3d 264, 268 (6th Cir. 1996) (observing that courts in the Sixth Circuit do not appoint counsel for indigent and pro se prisoners in civil rights cases absent truly extraordinary circumstances). The Court has carefully considered Plaintiff's request, his ability to represent himself, the record as a whole, and the issues and complexity of this case, and concludes that the appointment of counsel is not warranted because there are no exceptional circumstances to justify appointing counsel. *See Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993); *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). Accordingly, Plaintiff's request for the Court to appoint him counsel is **DENIED**.

## III. CONCLUSION

For the reasons set forth above, Defendants Lunceford and Trivett are **DISMISSED** as parties to the current action. Further, Plaintiff's request for the Court to appoint him counsel is **DENIED**. Accordingly, this action will proceed only as to Plaintiff's claims of deliberate indifference under the Eighth Amendment against Defendants Shown and SHP.

The Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendants Shown and SHP. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within twenty days of receipt of this Memorandum and Order. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the United States Marshal for service. Fed. R. Civ. P. 4. Plaintiff is forewarned that failure to timely return the completed service packets could jeopardize his prosecution of this action.

Defendants **SHALL** answer or otherwise respond to the complaint within twenty-one days from the date of service. If any Defendant fails to timely respond to the complaint, judgment by default may be entered against him.

Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

Finally, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24.

**SO ORDERED.**

**ENTER:**

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE